**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4226**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAYLITH LEWIS MOORE, a/k/a Lil Groove, a/k/a Lil Fed,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:21-cr-00070-D-1)

———————————

Submitted: April 17, 2025                      Decided: June 30, 2025

———————————

Before WILKINSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Joseph E. Houchin, KAUFMAN & CANOLES, P.C., Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaylith Lewis Moore pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  The district court sentenced Moore to 57 months' imprisonment, to run consecutively to his state sentence of imprisonment for voluntary manslaughter.  On appeal, Moore contends that the district court erred in determining that his voluntary manslaughter offense was not relevant conduct to his § 922(g) offense and thus imposing his 57-month sentence to run consecutively, rather than concurrently, to his state sentence.  Finding no error, we affirm.

We review sentencing decisions for an abuse of discretion, which is limited to determining whether a sentence is reasonable.  *See United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020); *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence is procedurally unreasonable if the court commits a "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range."  *Gall*, 552 U.S. at 51. "[I]n assessing whether a sentencing court properly applied the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. McCabe*, 103 F.4th 259, 285 (4th Cir.) (internal quotation marks and brackets omitted), *cert. denied*, 145 S. Ct. 399 (2024).

Moore contends that his state manslaughter offense was part of the same course of conduct as his current firearms offense and therefore should have been considered "relevant conduct" under U.S. Sentencing Guidelines Manual § 1B1.3 (2023), rather than being assigned three criminal history points.  For offenses like Moore's, for which USSG § 3D1.2(d) would require grouping of multiple counts, relevant conduct includes "all acts

2

and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). Offenses may be considered part of the same course of conduct when the offenses are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." USSG § 1B1.3 cmt. n.5(B)(ii). Factors used to determine whether offenses are part of the same course of conduct "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*; *United States v. Hodge,* 354 F.3d 305, 313 (4th Cir. 2004). When one of these factors is absent, "a stronger presence of at least one of the other factors is required." USSG § 1B1.3 cmt. n.5(B)(ii).

We have reviewed the record and conclude that none of the factors are especially compelling in Moore's case. While both offenses involved the use of firearms by a felon, Moore used two different firearms for very different purposes, resulting in different criminal charges: voluntary manslaughter and possession of a firearm by a felon. Thus, the offenses do not involve sufficiently "similar core conduct." *See United States v. McDonald*, 28 F.4th 553, 564 (4th Cir. 2022). The offenses were also neither regular nor sufficiently connected temporally, because the record does not demonstrate that Moore "engaged in a particular pattern of behavior over a limited period of time." *See id.* at 565. Thus, we conclude that the district court did not err in determining that Moore's manslaughter offense was not relevant conduct to his § 922(g) offense. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*